# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-800

CARL MOSS

VERSUS

RONALD GIFFORD

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-276
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Cooks, J., dissents and assigns written reasons.**

W. Thomas Barrett, III
3401 Ryan Street, Suite 307
Lake Charles, LA   70605
(337) 474-7311
COUNSEL FOR DEFENDANT/APPELLEE:
    Ronald Gifford

Carl Moss
In Proper Person
3021 Deaton Street
Lake Charles, LA   70601
(337) 496-9176
COUNSEL FOR PLAINTIFF/APPELLANT:
    Carl Moss

AMY, Judge.

The plaintiff filed a petition for specific performance, alleging that he and the defendant executed a contract for the purchase of property and that the defendant breached that contract. The defendant filed a motion for summary judgment in response, denying the execution of the contract. The trial court granted the motion for summary judgment, dismissing the plaintiff's claims. The plaintiff appeals. We affirm.

## Factual and Procedural Background

The plaintiff, Carl Moss, alleges that he entered into a contract to purchase immovable property from the defendant, Ronald Gifford, on December 16, 2006 and that he made a $100.00 payment toward the purchase of the property. He contends that the following day the defendant attempted to "back-out of the purchase."

The plaintiff and his mother filed an initial complaint in Lake Charles City Court advancing their claim of a valid contract and seeking "$2,000.00 in damages for breach of agreement and being removed from said property plus for the original agreement of the sale to be maintained with legal interest and all costs of court." The plaintiff also filed a petition in the Fourteenth Judicial District Court, again asserting the existence of a contract for the purchase of the property and seeking its enforcement, damages, and court costs. The trial court treated the matters as consolidated.

In response to the plaintiff's claim, the defendant filed a motion for summary judgment, denying the existence of a contract of sale and supporting the motion with the following documents: 1) Exhibit A, a typewritten "Buy/Sell Agreement"; 2) Exhibit B, a $100.00 personal check; 3) Exhibit C, a handwritten document bearing a "Buy/Sell Agreement" notation; and 4) Exhibit D, the affidavit of the defendant

denying the execution of the buy-sell agreement. Although the record does not contain a formal opposition to the motion for summary judgment filed by the plaintiff, it contains his subsequently filed affidavit wherein he asserted that the handwritten document constituted a buy-sell agreement.

At the hearing on the motion for summary judgment, the defendant's attorney presented the exhibits listed above, noting that the typewritten agreement does not bear the signature of either party and that, although the plaintiff presented the defendant with a $100.00 check, it was not negotiated. Thus, the defendant asserted there was no written contract for the subject property. With reference to Exhibit C, the handwritten document, the defendant's counsel explained that the document was a receipt for the $100.00 check which had not been negotiated. As in his affidavit, the plaintiff argued that the handwritten document constituted a valid buy-sell agreement.

The trial court found in favor of the defendant, noting that the handwritten document contained the defendant's signature only at the top of the document in connection with the $100.00 check, and did not contain the defendant's signature after the remainder of the document. The trial court granted the defendant's motion for summary judgment, dismissing the plaintiff's claims.

The plaintiff appeals.

**Discussion**

The plaintiff argues that genuine issues of material fact exist with regard to whether the handwritten document, the plaintiff's Exhibit C, is a valid buy-sell agreement. *See Appendix A* (as it appears in the record and as attached to the plaintiff's affidavit filed in Lake Charles City Court).

2

Louisiana Code of Civil Procedure Article 966(B) instructs that a summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." An appellate court reviews a summary judgment *de novo*, using the same criteria that governed the trial court's consideration of the motion below. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Having reviewed the parties' submissions under this standard, we find that the trial court correctly entered summary judgment.

The defendant, as the movant on the motion for summary judgment, alleged that the plaintiff would be unable to prove the existence of a valid buy-sell agreement. *See* La.Code Civ.P. art. 966(C)(2). The defendant also presented documents surrounding the alleged sale. The plaintiff does not argue that the typewritten, but unsigned, buy-sell agreement constitutes a valid contract as it was not signed by either party. Further, the insufficiency of the document is confirmed by reference to La.Civ.Code art. 2440, which provides that "[a] sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839[1]."

---

[1] Article 1839 provides:

A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.

An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located.

The defendant also presented the handwritten document relied upon by the plaintiff. However, we find that, on its face, the handwritten document is insufficient as a buy-sell contract for immovable property. The defendant's signature is contained only as an acknowledgment of a receipt of a check. The receipt itself lacks specificity with regard to the terms of any underlying contract. Significantly, the defendant's signature is not contained beneath the subsequent, "buy/sell" portion of the document.

In addition to the particular requirement for a sale of an immovable, we note that La.Civ.Code art. 2439, which provides the general definition of a sale, indicates that "[t]he thing, the price, and the consent of the parties are requirements for the perfection of a sale." Again, given the placement of the signatures, the element of consent as to all of the elements contained thereunder is lacking.

The plaintiff presented no further factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proving a valid contract of sale between the parties for the property in question. *See* La.Code Civ.P. art. 966(C)(2).

For these reasons, the trial court properly granted the defendant's motion for summary judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the appellant, Carl Moss.

**AFFIRMED.**

4

Received of Carl Moss                    12-16-06
$100 deposit toward purchase
of 2727 Rose St.

                        Ronald Giffen

Buy/Sell Agreement

Purchase Price $15,000.00 by Etta Moss/Carl Moss Part.
Deposit $100.00 buyer takes possession upon paymen
Seller provide up-to-date Abstract
Buyer check Abstract
Seller carry a note 4%/$250.00/month starting 3 months
            after Abstract checked and 1st bigger paymen
1st mly bigger payment $2,900.00 after checked Abstract.
Seller will sign + record deed or mortgage upon
            1st bigger payment.

Late fee of $5.00/day after 15th day.
Seller provide receipt for 2006 taxes and [2007 if a    to pay or deduc
            after prorated] from 1st bigger payment dat
Seller will record this agreement w/ clerk of court.
Buyer will record deed w/ clerk of court.
Seller states property is free + clear to purchase
Contigent on securing insurance

                        Carl Mo
                        12/16/06

000019

CARL MOSS

VERSUS

RONALD GIFFORD

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion finding the handwritten document does not contains all the elements necessary for a valid contract to sell. The majority relies on Mr. Gifford's "argument" that his signature only evidences a receipt for $100 and finds the handwritten document"lacks specificity with regard to the terms of any underlying contract." I respectfully disagree. The handwritten document contains the three elements necessary for a valid contract to sell – the thing, the price and the signature of both parties. The only real factual dispute is whether the price was written on the document prior to Mr. Gifford's signature. What Mr. Gifford says he intended when he signed the document is immaterial and inadmissible.

At the hearing, Mr. Moss explained the parties had been negotiating for the purchase of the property "probably two months on the phone coming up with the original buy/sell agreement [the type-written document]." He explained how the handwritten document evolved:

> [T]he buy-sell agreement that he showed you was the original agreement that we negotiated over the phone, but whenever I went to actually purchase the property at Mr. Gifford's home, some facts had changed. So, he didn't want that particular contract, he wanted some things removed, which we did in that [handwritten] agreement. And then we signed that agreement.

Mr. Moss stated the document was signed in that way because that was "the progression of the way we did our deal."

The handwritten buy/sell agreement identifies the property as 2427 Rose Street with the purchase price of $15,000. This agreement contains the terms and conditions of the final sale and is signed by both parties. Mr. Moss signed the agreement below the terms evidencing his intent to purchase the property. Mr. Gifford signed the agreement above the terms, accepting Mr. Moss' $100 deposit toward the purchase of the property.

Mr. Gifford does not seriously dispute that the document is a writing. His lawyer simply argues his signature on the handwritten document merely evidences a "receipt" acknowledging he took possession of Mr. Moss' $100.00 and nothing more. He contends this "receipt" is insufficient to constitute a valid buy/sell agreement because he did not sign below the portion which contains the terms and conditions of the buy/sell agreement. The majority finds the absence of Mr. Gifford's signature at the bottom of the document is fatal to Mr. Moss' position that a valid buy/sell agreement was executed. I disagree.

There is no specific format or layout for a buy/sell agreement and, as Mr. Moss states, it "could have been put on a piece of toilet tissue" if it memorializes the parties intent in writing. As noted, a valid contract to sell requires three prerequisites: the thing, the price and the consent of the parties.

In this case, the agreement was handwritten, described the thing to be sold as 2427 Rose Street and states the purchase price of $15,000. The fact that Mr. Moss' consented to purchase the property at that price is clearly evidenced by his signature appearing at the bottom of the document.

Mr. Gifford's signature at the top of the document and his acceptance of the $100 "toward *purchase* of 2427 Rose St." confirms his acceptance of the terms of the contract. The placement of Mr. Gifford's signature at the top of the instrument rather than at the bottom is not sacrosanct or legally fatal to the validity of the agreement.

A reasonable fact finder could conclude that there is no other explanation for Mr. Gifford to take Mr. Moss'deposit and place this notation on the document other than he consented to sell the property on the terms and conditions contained in the agreement. *See* La.Civ.Code art. 2624. The insufficiency of the form of acceptance may not be determinative of whether the contract is valid. "Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made." La.Civ.Code art. 1927. I do not believe the absence of the words "I agree to sell" is fatal to this case if the consent of the seller can be discerned from an examination of the instrument. In *Tullis v.Aertker*, 352 So.2d 415, 418 (La.App. 3 Cir. 1977), the issue arose as to whether the seller had agreed to the sale of the property when the only evidence of his consent was his signature on a receipt. This court found a receipt may indeed evidence a thing to be sold and the consent, stating:

> It is settled that a receipt for all or part payment of the purchase price is sufficient to satisfy the requirements of LSA-R.C.C. Articles 2440, 2462 and 2275 if such writing adequately sets forth the three necessary elements, i.e., the thing sold, the price, and the consent.

> In the instant case the consent of the parties is clear. Mr. Aertker's consent is evidenced by his signature on the receipt. Mrs. Tullis' consent appears from the fact that following execution of the agreement of November 2, 1963 she moved onto the premises which she has continued to occupy and by the fact that she faithfully made the monthly payments as provided for in the agreement.

Mr. Gifford does not assert his consent was vitiated by error, fraud, or duress. La.Civ.Code art. 1948. In support of his motion for summary judgment, Mr. Gifford offers only the type-written, unsigned document and his affidavit. Further, his affidavit addresses only the unsigned document and does not refute any of the issues raised by Mr. Moss regarding the progression of the transaction or Mr. Gifford's signature on the handwritten agreement. Mr. Gifford's counsel, however, at the summary judgment hearing, verbally dismissed the handwritten agreement by

implying the terms were written after Mr. Gifford signed what he characterized as a "receipt." When Mr. Moss stated he had a witness who could testify regarding the circumstances surrounding Mr. Gifford's signature on the document, the trial court found such evidence would not be admissible. Louisiana Civil Code Article 1848 provides, in part: "Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature." It does not appear, however, that Mr. Moss was attempting to negate or vary the terms of the agreement. He was seeking to introduce evidence of the progression of the transaction and present a witness who may have been present at the time Mr. Moss wrote the terms and conditions of the agreement on the document and Mr. Gifford signed it. Mr. Moss' need to introduce evidence regarding the transaction was prompted by Mr. Gifford's counsel's argument for the *first time* at the hearing that the handwritten document was "a totally separate concoction of whatever nature that Mr. Moss [wrote] underneath Mr. Gifford's signature." He stated, as well: "And as you can see, Mr. Gifford signs underneath the receipt. Then in a totally different handwriting Mr. Moss writes in something and fills it out. So, Mr. Gifford gives him a receipt and this is what Mr. Moss does with this receipt." The trial court did not allow Mr. Moss to present evidence to refute these unsupported statements made by defense counsel. In fairness, the trial court was correct in barring this testimony at the summary judgment hearing. Evidence supporting or objecting to the motion must be submitted by countervailing affidavit and/or other written documents or exhibits prior to the hearing. Although I do not believe the trial court's decision to grant the motion ultimately rested on the "disputed facts" at the hearing concerning the circumstances leading up to the signing of the agreement, I note this evidence maybe relevant and admissible at trial on the merits. Mr. Moss astutely noted he would have submitted evidence refuting defense counsel's *argument* had he been aware of the

defense's position prior to the motion. Argument of counsel is not evidence. Mr. Moss was required only to refute the affidavit submitted by Mr. Gifford which I believe he successfully did in this case. The trial court found "you had an agreement that he may sell it" and ultimately concluded Mr. Gifford did not sign the document at the bottom and this was fatal to a valid buy-sell agreement. If it is established at trial that the price was indeed reflected in the document at the time Mr. Gifford signed it, the court may find a contract to sell was legally perfected. Thus, summary judgment dismissing Mr. Moss' claim was inappropriate at this stage of the proceeding. I would reverse the judgment of the trial court and remand for full trial on the merits.